Mount Vernon Trust Company and Joseph S. Wood, Two of the Trustees, etc., Respondents, v. James T. Penfield, Individually and as Trustee, etc., and Others, Respondents, and William W. Penfield, Appellant. —Interlocutory judgment affirmed, with costs to plaintiffs, respondents, payable by defendant, appellant. No opinion. Jenks, P. J., Burr, Thomas, Stapleton and Rich, JJ., concurred.

Augustus Parker-Smith, Appellant, v. The Prince Manufacturing Company, Respondent.— Without expressing an opinion as to plaintiff's right to recover under the contract of January 3, 1911, or whether, before any suit had been begun against the Nassau Trust Company or other banking institution, plaintiff's compensation was limited to $500, we think, in view of the manner in which the verdict was directed, that the judgment must be reversed. The court directed a verdict of $7,935.25, and then reduced it to $606, which dispositions were so united as to be a single act, and one which required consent of both parties. Against the exception of plaintiff's counsel the verdict could not be thus reduced by the court after it had been once directed. Plaintiff's notice of appeal seeks to review only the court's order or direction reducing the verdict, but as no separate order was entered, this reduction, apart from the direction of the verdict, cannot be separately reviewed. We, therefore, restore the parties to their original positions, by a reversal of the judgment, with a new trial, costs of this appeal to abide the event. Jenks, P. J., Burr, Thomas, Rich and Putnam, JJ., concurred.

The People of the State of New York, Respondent, v. Allen Black, Appellant.— Order of the city magistrate, and order and judgment of conviction of the County Court of Kings county, reversed, and proceedings dismissed, upon the ground that no legal abandonment of defendant's child appeared, or proof that such child was likely to become a public charge. This disposition, however, is without prejudice to any future proceedings under the statute,* should the defendant stop providing for his child, and if it should appear that the child was in danger of becoming a public charge. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

---

* See Greater N. Y. Charter (Laws of 1901, chap. 466), § 685, as amd. by Laws of 1912, chap. 420, and Laws of 1914, chap. 457.—[REP.